UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE JUAREZ ALFREDO,

    Plaintiff,

v.                          Case No.: 2:25-cv-00610-SPC-KCD

WARDEN, GLADES COUNTY DETENTION CENTER,

    Defendant,

## ORDER

Before the Court are Petitioner Jorge Juarez Alfredo's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and the government's response (Doc. 3). Alfredo did not file a reply.

Alfredo is a native and citizen of Guatemala. Following his May 2025 arrest for driving without a license, Immigration and Customs Enforcement (ICE) took Alfredo into custody and initiated removal proceedings. Alfredo's petition challenges his continuing detention on four grounds: (1) the government did not conduct a bond hearing or otherwise justify continued detention through an individualized assessment, (2) Alfredo is not subject to mandatory detention, has no criminal convictions, poses no danger to the community, and is not a flight risk, (3) Alfredo has not been afforded reasonable access to legal counsel, and (4) the conditions of detention are

inhumane and violate the Eighth Amendment.

Alfredo's fourth ground is a nonstarter. A habeas petition is not the proper vehicle to challenge conditions of confinement. *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015). And even if Alfredo established a constitutional violation, he would not be entitled to the relief he seeks because release from detention "is not an available remedy for a conditions-of-confinement claim." *Id*.

Alfredo's first three grounds are moot. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id*. at 1336.

An immigration court held a bond hearing on August 18, 2025. Alfredo was represented by counsel. The immigration court found Alfredo subject to mandatory detention under 8 U.S.C. § 1225(b), and it deemed Alfredo a flight risk. On September 8, 2025, the immigration court entered an order of removal against Alfredo, and Alfredo did not appeal.[1] Detention is required during the

---

[1] The Court takes judicial notice of the Executive Office for Immigration Review's automated case information page for Alfredo's case (https://acis.eoir.justice.gov/en/caseInformation).

90-day period following a final removal order. 8 U.S.C. § 1231(a)(2)(A). Thus, Alfredo's current detention is lawful.

If Alfredo remains detained more than 180 days after his removal order became final, he may pursue a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001). But for now, Alfredo's challenges to the legality of his immigration detention are moot.

Accordingly, Petitioner Jorge Juarez Alfredo's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED as moot**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on October 17, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record